Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**JEFFREY E. KIMMELL**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL JACKSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1112-CR-669 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1103-FD-163

**April 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Michael Jackson appeals his conviction of theft, a Class D felony. Ind. Code § 35-43-4-2 (2009). We affirm.

## ISSUE

Jackson raises one issue, which we restate as: whether the evidence is sufficient to sustain his conviction.

## FACTS AND PROCEDURAL HISTORY

On the afternoon of March 4, 2011, Officer Scott Ross of the South Bend Police Department was on patrol when he saw two men, later identified as Jackson and his uncle, Alex Jackson ("Alex"), crossing the street. Ross noticed them because one of them was carrying a "weed whacker," and it was too early in the year for grass to grow. Tr. p. 90. Ross lost sight of the men as they crossed an empty lot, but he circled around and saw them at a garage. Jackson was standing outside the garage next to an open door, and Alex stood inside the door and handed Jackson an item. Next, Alex exited the garage and closed the door. Jackson and Alex walked away from the garage with a push mower, a weed whacker, an extension cord, and a light.

Ross stopped the men and asked them what they were doing. They indicated they were cutting grass and weed whacking. As Ross talked with them, Stephen Schock drove by. Schock was leasing the garage in question, and he stored personal property in the garage. Schock recognized the lawn mower and other items as belonging to him, so he stopped his car, approached Ross, and explained that the items belonged to him. Schock

2

did not know Jackson or Alex, and he had not given either of them permission to take his items.

The State charged Jackson with theft. A jury determined that Jackson was guilty as charged, and the trial court sentenced him accordingly. This appeal followed.

DISCUSSION AND DECISION

When an appellant challenges the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences drawn from the evidence that support the verdict. *Id.* We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to convict Jackson of theft, the State was required to prove beyond a reasonable doubt that Jackson (1) knowingly or intentionally (2) exerted unauthorized control (3) over the property of another person (4) with intent to deprive the other person of any part of its value or use. Ind. Code § 35-43-4-2.

Here, Jackson notes that Alex testified that they did not enter Schock's garage. Instead, Alex stated that they found the items in question lying in an alley near the garage. Thus, Jackson appears to argue that he did not knowingly or intentionally exert unauthorized control over another person's property because he thought those items were abandoned. Jackson's argument is nothing more than a request to reweigh the evidence. The evidence most favorable to the judgment demonstrates that Schock visited his garage

3

on a daily basis and last saw the lawn mower, the extension cord, and the light in the garage. He did not give Alex or Jackson permission to enter the garage or take his items. Ross saw Alex stand inside Schock's garage and hand an item to Jackson, and then they walked away with the lawn mower, the extension cord, and the light. A reasonable jury could have inferred from this evidence that Jackson, with Alex, took Schock's personal property from Schock's garage instead of finding the items abandoned in the alley. The conflict between Alex's testimony and Ross and Schock's testimony was for the jury to consider. *See Yowler v. State*, 894 N.E.2d 1000, 1002-03 (Ind. Ct. App. 2008) (stating, "It is the function of the trier of fact to resolve conflicts of testimony and to determine the weight of the evidence and the credibility of the witnesses."). Thus, there is sufficient evidence to sustain the conviction.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.